UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER KRUENGEL, <br><br> Plaintiff, <br><br> v. <br><br> JACENT STRATEGIC MERCHANDISING, <br><br> Defendant. | Case No.  26-cv-00322-VC <br><br> **ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO COMPEL ARBITRATION AND DISMISS CLASS CLAIMS; DENYING MOTION TO STAY AS MOOT** <br><br> Re: Dkt. Nos. 16, 17, 18 |

This order assumes the reader's familiarity with the facts of the case, the parties' arguments, and the applicable law.

**Motion to remand.** The motion to remand is denied. Jacent calculated the amount in controversy using assumptions that are largely reasonable in light of the complaint's allegations. *See De Sanctis v. Clean Harbors Environmental Services, Inc.*, 2024 WL 242994, at *1 (N.D. Cal. Jan. 23, 2024); *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025). Even applying a more conservative estimate of liability based on a 20 percent violation rate as to meal and rest break violations, and applying the same violation rate to Jacent's calculation of penalties for failure to timely pay all wages during employment, the amount in controversy is roughly $5.5 million, not including attorneys' fees.

**Motion to compel arbitration.** The motion to compel arbitration is granted. As an initial matter, it is worth noting that the arbitration agreement contains a provision that says arbitrability is for an arbitrator to decide. But this issue was not raised by the defendant, so it has been forfeited.

The arbitration agreement states that it is governed by the FAA. Kruengel asserts that the transportation worker exception to FAA jurisdiction applies to her. That is obviously wrong—her job as a merchandiser does not come close to falling within the transportation worker exception. *See Fraga v. Premium Retail Services, Inc.*, 704 F. Supp. 3d 289, 303 (D. Mass. 2023) (holding that merchandisers are not exempt transportation workers).

Kruengel also argues that the court should invalidate the arbitration agreement on unconscionability grounds. The agreement is an adhesion contract, which is sufficient to establish a minimal baseline of procedural unconscionability.

But as to substantive unconscionability, Kruengel largely mischaracterizes the agreement. For instance, as to lack of mutuality, Kruengel is wrong that third parties can take the employee to court while the employee is forced to arbitrate their claims against those parties. The terms of the agreement require both the employee and the "Company" to arbitrate claims. *See* Dispute Resolution Process Agreement (Dkt. No. 17-6) at 11. The term "Company," as defined in the arbitration agreement, covers the third-party affiliates that Kruengel would have to arbitrate against. *See id.* at 1.

Similarly, Kruengel is wrong that the agreement "requires Plaintiff to arbitrate claims for harassment" in violation of the federal Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (EFAA). The agreement carves out as an exception for disputes "[t]hat are legally required by controlling federal law to be . . . resolved under a different process" and disputes "[t]hat by controlling federal law cannot be subjected to mandatory arbitration." *See id.* at 2, 3. The EFAA requires that an employee be able to elect whether or not to arbitrate sexual assault or sexual harassment disputes. *See* 9 U.S.C. § 402(a).

Kruengel also complains that the agreement shortens the statute of limitations. But it states that for California employees (such as Kruengel) the applicable statute of limitations applies. *See* Dispute Resolution Process Agreement at 4.

**Motion to dismiss class claims.** Jacent's motion to dismiss Kruengel's class claims is granted because the agreement between the parties contains a valid class action waiver. *See id.* at

2

3; *Laver v. Credit Suisse Sec. (USA), LLC*, 976 F.3d 841 (9th Cir. 2020) (upholding an agreement "not to pursue class litigation in any forum, including arbitration").

**Motion to stay case pending arbitration.** Jacent's motion to stay this case pending arbitration is granted. The parties are ordered to file a joint status report every 120 days until the arbitration is terminated. If the parties prefer to avoid this obligation, they may stipulate to dismiss this action without prejudice and that Jacent waives any statute of limitations defense based on the period the dispute is with the arbitrator.

**Motion to stay pending adjudication of motion to compel.** Jacent's motion to stay the case pending adjudication of its motion to compel is denied as moot.

**IT IS SO ORDERED.**

Dated: March 16, 2026

VINCE CHHABRIA
United States District Judge

3